## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| EILEEN M. BLOXOM,                )<br>     **Plaintiff,**   )<br> v.                                         )<br>          )<br>BANK OF AMERICA, N.A.,     )<br>FREDERICK J. HANNA & ASSOCIATES, )<br>and ALLIANCE ONE RECEIVABLES )<br>MANAGEMENT, INC., a Delaware )<br>corporation,                           )<br>     **Defendants.**  ) | Case No. 07-2034 |

# REPORT AND RECOMMENDATION

In December 2006, Plaintiff Eileen Bloxom filed a complaint in the Coles County Circuit Court against Defendants, Bank of America, N.A., Frederick J. Hanna & Associates, and Alliance One Receivables Management, Inc., alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692). In February 2007, Defendant Frederick J. Hanna & Associates removed the case to federal court. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In February 2007, Defendant Bank of America, N.A., filed a Motion To Dismiss (#12). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#12)** be **DENIED**.

### I. Background

The following background is based on the complaint. In Count I, the only count against Defendant Bank of America (hereinafter "BoA"), Plaintiff alleges that her husband, Jerry Bloxom, applied for and received a credit card account with BoA. Plaintiff is not an obligor on that credit card and she did not make any purchases or transactions on that account.

In 2005, BoA employees contacted Plaintiff and told her that she signed the credit card application and is obligated to pay the debt owed on the card. Plaintiff requested that BoA provide her with a copy of the credit card application bearing her signature, but BoA refused to provide the information. BoA has placed the account for collection with Defendants Frederick J. Hanna & Associates and with Alliance One.

Plaintiff alleges that Defendant BoA committed a deceptive act when it fraudulently and maliciously coerced and induced Plaintiff to pay a debt that she was not obligated to pay by repeatedly calling her to collect and by placing the debt with third parties to collect.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant BoA argues that (1) Plaintiff has failed to state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter "CFA") or the Uniform Deceptive Business Practices Act (815 ILCS 510/2); and (2) to the extent that Plaintiff is seeking to recover payments she made on the account, the voluntary payment doctrine bars her claims.

Plaintiff refers to the Uniform Deceptive Trade Practices Act only when she quotes the CFA, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2 (West 2004). Based on Plaintiff's complaint, she is not asserting a claim based on any practice described in Section 2 of the Uniform Deceptive Trade Practices Act.

To state a violation of the CFA, a plaintiff must allege three elements: (1) an unfair or deceptive act or practice by the defendant; (2) the defendant's intent that plaintiff rely on the deception; and (3) the occurrence of the deception in the course of conduct involving trade or commerce. *Parks v. Wells Fargo Home Mortgage, Inc.*, 398 F.3d 937, 943 (7th Cir. 2005), citing *Siegel v. Levy Org. Dev. Co., Inc.*, 607 N.E.2d 194, 198 (Ill. 1992); *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 850 (Ill. 2005) ("To prove a private cause of action under section 10a(a) of the Act, a plaintiff must establish: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.")

The Court agrees that Plaintiff has adequately alleged a claim. She alleged that Defendant attempted to deceive her by telling her that she had signed the credit card application and Defendant then pressed her to pay the debt. The Illinois Supreme Court has expressly stated that the CFA applies to debt collection practices. *People ex rel. Daley v. Datacom Sys. Corp.*, 585 N.E.2d 51, 64 (Ill. 1991).

Regarding Defendants' argument that the voluntary payment doctrine bars Plaintiff's claims, the Court first notes that this argument raises factual issues that the Court cannot address at the motion to dismiss stage. Furthermore, even assuming that Plaintiff made payments, she

has adequately alleged that she was coerced into making payments by Defendants' conduct. Accordingly, the Court recommends denying the motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Bank of America's Motion To Dismiss **(#12)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 19th day of March, 2007.

                                          s/ DAVID G. BERNTHAL
                                          U.S. MAGISTRATE JUDGE